UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALMUIZ ALTIEP and TAFSIR SHAWKAT, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 3:14-CV-00642-K |
| FOOD SAFETY NET SERVICES, LTD, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification ("the Motion") (Doc. No. 18). Plaintiffs Almuiz Altiep and Tafsir Shawkat bring this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for violations of overtime compensation laws. Plaintiffs ask this Court to issue an order compelling Defendant Food Safety Net Services, LTD ("FSNS") to produce the names and contact information for two subclasses of lab technicians, Lab Technician II and Lab Technician III, that were similarly situated to Plaintiffs while employed by FSNS. The Court has considered the Motion, the briefing of the parties, the materials submitted by the parties, and the applicable law. The Court finds that Plaintiffs have presented substantial allegations that other employees classified as Lab Technician II or Lab Technician III were similarly situated to Plaintiffs. For the following reasons, the Motion is hereby **GRANTED in part and DENIED in part**. The

1

matter is conditionally certified as a collective action, subject to the provisions of this order.

I.   **Factual and Procedural Background**

Defendant FSNS is a network of accredited laboratories that provide a wide range of microbiological testing and chemical analysis to major food companies within the United States. Plaintiffs worked at FSNS's Grand Prairie, Texas laboratory at various times through June 2013. Both Plaintiffs worked as Lab Technicians II, and Plaintiff Altiep also worked as a Lab Technician III. As Lab Technicians II, Plaintiffs performed various tests and read those results pursuant to FSNS manuals and laboratory procedures, performed preventative maintenance by cleaning and sanitizing equipment, assisted in quality control, and monitored laboratory conditions and equipment. As a Lab Technician III, Plaintiff Altiep performed these same job duties and occasionally trained and answered questions for Lab Technicians I. During the relevant time period, FSNS also had laboratories in San Antonio, Texas; Phoenix, Arizona; Green Bay, Wisconsin; Columbus, Ohio; Covington, Georgia; Fresno, California; and Commerce, California. Neither California laboratory is at issue in this case.

Defendant FSNS classified every Lab Technician II and Lab Technician III (collectively, "Lab Technicians"), including Plaintiffs, as exempt under the FLSA. Plaintiffs allege that FSNS paid all Lab Technicians on a salary basis, did not track the number of hours each Lab Technician worked, and failed to pay them overtime. Plaintiffs sued FSNS on February 19, 2014, bringing claims to recover alleged unpaid

overtime pursuant to the FLSA. Specifically, Plaintiffs contend that FSNS improperly classified them as exempt, and failed to pay them overtime compensation, in violation of FLSA Section 207.

## II. FLSA Class Certification

The FLSA permits employees to initiate suit on behalf of themselves and other similarly-situated employees. 29 U.S.C. § 216(b). Section 216(b) differs from many class action procedures in that potential class members must "opt in" to the class action in order to be bound by the result of the litigation, rather than following the more common "opt out" mechanism, wherein all potential class members are bound by the court's judgment unless they opt out of the class. *Id.*; *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915–17 (5th Cir. 2008). Plaintiffs now move for conditional certification of a plaintiff class so that they may notify other potential class members of the suit. Plaintiffs seek to certify two subclasses in this case; one for Lab Technicians II and one for Lab Technicians III. Despite that both Plaintiffs worked at FSNS's Grand Prairie laboratory, they ask the Court to include Lab Technicians who worked at FSNS's San Antonio, Texas; Phoenix, Arizona; Green Bay, Wisconsin; Columbus, Ohio; and Covington, Georgia laboratories.

There are two approaches a court may take for conditional class certification analysis under the FLSA. The first, and more commonly applied, analysis is found in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Under the *Lusardi* approach, a two-part test for class certification is used. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213–

14 (5th Cir. 1995). At the first stage, referred to as the "notice" stage, the court examines whether the plaintiffs are similarly situated to one another. *Id.* This review is usually based upon the pleadings and any affidavits that have been submitted. *Id.* The court then makes a decision whether notice of the action should be given to potential class members. *Id.* at 1214. Because the court's analysis is based upon minimal evidence, the standard applied is fairly lenient, and the certification of the class is termed "conditional." *Id.* The Fifth Circuit noted that at the notice stage, it appears nothing more is required than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." *Id.* at 1214 n.8. If the class is conditionally certified, potential class members are notified and given the opportunity to "opt in" to the action. *Id.* at 1214. The case then proceeds through discovery as a class action. *Id.* The second step of the *Lusardi* test typically involves a motion for decertification brought by the defendant. *Id.* This motion is filed when discovery is largely complete and the court has much more information on which to base its factual determination of whether the class members are similarly situated. *Id.* If the court then determines that the class members are not similarly situated, the class is decertified and the class representatives then proceed to trial on their individual claims. *Id.*

The other approach to class certification is found in a line of cases typified by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). In *Shushan*, the court determined that in enacting 29 U.S.C. § 216(b), Congress did not intend to create a separate class action mechanism for FLSA and age discrimination cases. *Id.* at 268.

Instead, the court found that the FLSA's "similarly situated" inquiry involved the same factors as a typical Fed. R. Civ. P. 23 class action inquiry – numerosity, commonality, typicality and adequacy of representation. *Id.* Under this framework, the only difference between a FLSA class action and a Rule 23 class action would be the requirement that class members "opt in" to be bound by the results of the litigation, rather than being bound by the results unless they "opt out" under Rule 23. *Id.*

In *Mooney*, the Fifth Circuit took no position as to whether a court presented with a motion to certify an FLSA class should utilize the *Lusardi* test or the *Shushan* test. 54 F.3d at 1216; *see also Acevedo v. Allsup's Convenience Stores, Inc.* 600 F.3d 516, 519 n.1 (5th Cir. 2010) (per curiam). Although this Court is not bound by Fifth Circuit precedent to apply one particular test over the other, it notes that in the Northern District of Texas, the *Lusardi* two-part test is more commonly utilized. *See, e.g.*, *Black v. SettlePou, P.C.*, No. 3:10–CV–1418–K, 2011 WL 609884, at *2 (N.D. Tex. Feb. 14, 2011) (Kinkeade, J.); *Harris v. Fee Transportation Svcs., Inc.*, No. 3:05–CV–0077–P, 2006 WL 1994586, *2 (N.D. Tex. May 15, 2006) (Solis, J.); *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04–CV–0776–D, 2004 WL 2293842, *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.); *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01–CV–1182–M, 2002 WL 1023161, *1–2 (N.D. Tex. May 21, 2002) (Lynn, J.). Other district courts within the Fifth Circuit have also stated that *Lusardi* provides the prevailing approach. *See, e.g., Reyes v. Texas EZPawn, L.P.*, 459 F. Supp. 2d 546, 551 (S.D. Tex. 2006); *Allen v. McWane, Inc.*, No. 2:06–CV–158–TJ, 2006 WL 3246531, *1 (E.D. Tex. Nov. 7, 2006); *Basco v. Wal-Mart Stores, Inc.*, No.

Civ.A. 00–3184, 2004 WL 1497709, *4 (E.D. La. July 2, 2004). Accordingly, the Court opts to apply the *Lusardi* test here.

### III. Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification

#### A. Two Subclasses of Plaintiffs are Similarly Situated

At the notice stage of the *Lusardi* test, Plaintiffs bear the burden of establishing preliminary facts showing that a similarly-situated group of potential plaintiffs exist. *Hall v. Burk*, No. 3:01–CV–2487–H, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) (Sanders, J.); *Allen*, 2006 WL 3246531, at *2; *D'Anna v. M/A-Com., Inc.*, 903 F. Supp. 889, 893–94 (D. Md. 1995). The Plaintiffs must present competent evidence supporting this preliminary factual showing, so as to avoid stirring up unwanted litigation. *Black*, 2011 WL 609884, at *3; *Allen*, 2006 WL 3246531, at *2 (citing *D'Anna*, 903 F. Supp. at 894). However, because only minimal evidence is required, the court makes its determination using a fairly lenient standard and usually grants conditional certification. *Mooney*, 54 F.3d at 1213–14; *Black*, 2011 WL 609884, at *3; *Allen*, 2006 WL 3246531, at *2; *Hall*, 2002 WL 413901, at *2.

In determining whether conditional certification is appropriate, the court should satisfy itself that there are other employees of the defendant who are "similarly situated" with respect to their job requirements and pay provisions. *Black*, 2011 WL 609884, at *3; *Allen*, 2006 WL 3246531, at *2 (citing *Dyback v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)). The court should also consider whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and

whether evidence of a widespread plan was submitted. *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999). The court may only foreclose the plaintiffs' right to proceed collectively if the action relates to circumstances personal to each plaintiff rather than any generally applicable policy or practice. *Black*, 2011 WL 609884, at *3; *Allen*, 2006 WL 3246531, at *2 (citing *Burt v. Manville*, 116 F.R.D. 276, 277 (D. Colo. 1987)).

Plaintiffs have submitted several declarations in support of the Motion. Both named Plaintiffs allege that they were paid on a salary basis, routinely worked in excess of 40 hours per week, and were never paid overtime. Pl.'s App. at 3, 8–9 (Doc. No. 19-1). Both list their Lab Technician II job responsibilities as performing and reading test results pursuant to FSNS manuals and laboratory procedures, performing preventative maintenance by cleaning and sanitizing equipment, assisting in quality control, and monitoring laboratory conditions and equipment. *Id.* at 2, 8. Plaintiff Altiep adds that his job responsibilities were expanded when he became a Lab Technician III. In addition to his existing duties, he was required to occasionally train and answer questions for Lab Technicians I. Both Plaintiffs further allege that they have personal knowledge that their job responsibilities and pay provisions were similar to other Lab Technicians in all of FSNS's laboratories outside of California. *Id.* at 3–6, 9–10. Plaintiffs have also submitted declarations from former FSNS Lab Technicians II that have already opted into this case. These former Lab Technicians II also allege that they were paid on a salary basis, routinely worked in excess of 40 hours per week, were never paid overtime, and have

personal knowledge that their job responsibilities and pay provisions were similar to other Lab Technicians. *Id.* at 13–25.

In addition to these declarations, Plaintiffs have submitted job postings for both the Lab Technician II and Lab Technician III positions. These job postings, prepared by FSNS's Director of Human Resources and approved by its Chief Operating Officer, list both Lab Technician positions as "exempt." *Id.* at 28, 34. They also detail essential responsibilities that largely mirror the job responsibilities Plaintiffs detailed in their declarations. *Id.*

The Court finds that these allegations are substantial enough that they meet the lenient threshold for collective treatment at the "notice stage." *See Mooney*, 54 F.3d at 1213–14; *Black*, 2011 WL 609884, at *3; *Allen*, 2006 WL 3246531, at *2; *Hall*, 2002 WL 413901, at *2. Plaintiffs' declarations, based on personal knowledge, establish that they were similarly situated with both subclasses of Lab Technicians at FSNS's non-California laboratories regarding both their job requirements and their pay provisions. Each of the declarations and job postings lists similar, if not identical, job responsibilities, and the pay scheme was the same for each Lab Technician. There is no indication that personal circumstances form the basis of this suit. Thus, the Court will conditionally certify both subclasses – Lab Technician II and Lab Technician III – for consideration of this case as a collective action.

FSNS argues that differences in the scope of work and type of tests performed from laboratory to laboratory prevents Plaintiffs from satisfying their lenient burden of

proving a class of similarly situated potential plaintiffs exists. The Court does not agree. FSNS's argument focuses on the different methods, data entry, and schedules at the various laboratories. FSNS seems to suggest that the Court must look to the specific tests performed by each individual Lab Technician, not the broader categories that Plaintiffs suggest. The duties of the Lab Technicians need not be identical from laboratory to laboratory, only similar. *See Black*, 2011 WL 609884, at *4; *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824 (N.D. Tex. 2007) (Fish, C.J.). The Court is sufficiently satisfied that Plaintiffs have met the lenient burden they bear at this stage of the litigation by alleging the Lab Technicians all performed tests, maintained the laboratory and equipment, assisted in quality control, and monitored laboratory conditions. *See Black*, 2011 WL 609884, at *4 (finding paralegals performed similar job responsibilities of "speaking to clients, composing documents, and organizing files" despite focusing on different legal subjects).

FSNS also argues that Plaintiffs are required to show that there are other potential plaintiffs who want to join this lawsuit. As this Court has stated before, that would put the cart before the horse. *Black*, 2011 WL 609884, at *3. Plaintiffs are only required to show a "reasonable basis" to believe that other aggrieved individuals exist, which they have done. *Id.* (citing *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010)). Even if FSNS's view of the law was correct, Plaintiffs supported the Motion with the declarations of two former Lab Technicians who had already opted in and a third who expressed interest in doing so. Since the Motion was

filed, nine additional plaintiffs have opted in. The Court interprets these declarations and the initial response from potential class members as an indication that more plaintiffs will follow suit once they are apprised of their rights. *See id.* Because so many have already opted in to this case, there is a reasonable basis to suggest a class of similarly situated plaintiffs exists that would opt in to this case if given notice.

Finally, FSNS argues that Plaintiffs have not proven there was a generally applicable policy or practice that caused the alleged FLSA violations. Plaintiffs are not required to prove that a plan or policy existed; rather, existence of a plan or policy is probative evidence that similarly situated plaintiffs exist. *Id.* at 4 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996)); *H&R Block, Ltd.*, 186 F.R.D. at 400 ("Courts who have faced the question of whether movants established substantial allegations [that they were similarly situated] *have considered factors such as . . .* whether evidence of a widespread discriminatory plan was submitted.") (emphasis added). Plaintiffs present job postings that list both Lab Technician II and Lab Technician III as exempt positions. Both postings indicate they were prepared by the Director of Human Resources and approved by the Chief Operating Officer. This blanket classification of both subclasses of Lab Technicians as exempt, approved by multiple FSNS officials, suggests to the Court that there may have been coordination on classification. *See Black*, 2011 WL 609884, at *4. By presenting evidence that suggests high-level officials coordinated the alleged misclassification of all Lab Technicians, the Plaintiffs have presented evidence of a policy or plan that FSNS imposed on all Lab Technicians. *See id.*

Rather than preventing Plaintiffs from carrying their lenient burden, the Court finds this blanket classification to be probative evidence that Plaintiffs were similarly situated with other Lab Technicians. *See id.*

### B.  The Class Period

Plaintiffs request that notice be provided to Lab Technicians that worked for FSNS dating back to February 19, 2011. By requesting this date, Plaintiffs appear to argue that the limitations period was tolled for all potential plaintiffs when the suit was filed. FSNS argues that the notice period should be for the three-year period from the date the class is conditionally certified. The Court agrees with FSNS that the notice period should be for the three-year period prior to the date of this Order conditionally certifying the class. *See Tolentino*, 716 F. Supp. 2d at 645. An FLSA claim "may be commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The "limitations period is not tolled with respect to other potential plaintiffs unless and until they opt in to the case." *Quintanilla v. A & R Demolition, Inc.*, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005). The limitations period confines appropriate class certification in this case to Lab Technicians that worked for FSNS in the three years prior to the date the Court conditionally certifies the two subclasses. *See Watson v. Travis Software Corp.*, 2008 WL 5068806, at *8 (S.D. Tex. Nov. 21, 2008); *Quintanilla*, 2005 WL 2095104, at *16. The notice period

will be from three years prior to the date of this Order, with each potential plaintiff required to opt in within three years of employment as a Lab Technician for FSNS.

### C. Contact Information

The final issue the Court must address at this time is the scope of the Notice. Plaintiffs ask the Court to order FSNS to produce the names, last known addresses, email addresses, and telephone numbers of all potential plaintiffs, as well as post the notice at FSNS facilities. FSNS resists production of any phone numbers because it considers this data to be highly personal information that is unnecessary to provide adequate notice to potential plaintiffs. The Court agrees with FSNS. This information is highly personal, and Plaintiffs have shown no reason that sending a letter to a potential plaintiff's last known address would provide inadequate notice. *See Humphries v. Stream Int'l, Inc.* No. 3:03–CV–1682–D, at *7 (N.D. Tex. Feb. 13, 2004) (Boyle, J.) (slip op.); *see also Black*, 2011 WL 609884, at *4 (ordering production of just the names and last known addresses of potential plaintiffs). Privacy concerns abound in requiring disclosure of information beyond names and addresses. Inadvertent disclosure could lead to such unintended consequences as identity theft. *See Humphries,* No. 3:03–CV–1682–D, at *7. The Court **denies** Plaintiffs' request for telephone numbers and email addresses. The Court also **denies** Plaintiffs' request that FSNS be required to post the notice in its laboratories. Mailing the notice to potential plaintiffs offers adequate notice of their opportunity to participate in this case.

## IV. CONCLUSION

Plaintiffs have presented sufficient evidence that they are similarly situated to other Lab Technicians II and Lab Technicians III employed by FSNS. The Court finds that they have carried their burden of establishing that conditional certification is appropriate under the lenient standard set forth in *Lusardi*. Therefore, the Motion is **GRANTED** as to conditional certification of the two subclasses. Plaintiffs' requests for the phone numbers and email addresses of potential plaintiffs is **DENIED**. Plaintiffs' request that the Notice be posted in FSNS's laboratories is **DENIED**.

FSNS is **ORDERED** to produce the names and last known addresses of all current and former Lab Technicians I and Lab Technicians II who worked at any of FSNS's laboratories in Grand Prairie, Texas; San Antonio, Texas; Phoenix, Arizona; Green Bay, Wisconsin; Columbus, Ohio; Covington, Georgia at any point in the three years prior to the date of this Order ("Employee Information"). FSNS shall provide the Employee Information in an electronic form that can be used by Plaintiffs in mailing out the Notice. If the information is not stored electronically, FSNS shall provide it in written form. The Employee Information must be produced to Plaintiffs within <u>fourteen (14) days of the date of this Order.</u> If FSNS fails to provide the Employee Information with fourteen (14) days of the date of this Order, the statute of limitations is equitably tolled for each day after the fourteenth day that FSNS fails to provide the Employee Information.

The Parties are further **ORDERED** to confer and submit an agreed, Proposed Notice form as well as a Proposed Consent to Join form within <u>fourteen (14) days of the date of this order.</u>

**SO ORDERED**

Signed August 18th, 2014

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE